STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

12CV010722

Alicia Weiger
4701 E. Mississippi Ave #205
Glendale, CO 80246,

    Plaintiff,

vs.

Sundance Vacations N.A., Inc.
264 Highland Park Blvd.
Wilkes-Barre, PA 18702,

    Defendant.

Civil Action No.: _____
Case Code: 30303

Classification: Other Judgments

FILED
SEP 27 2012
JOHN BARRETT
Clerk of Circuit Court

**COMPLAINT**



EXHIBIT 1

### INTRODUCTION

This lawsuit arises from the false, deceptive, and misleading representations made to plaintiff by Sundance Vacations N.A., Inc. ("Sundance") following a direct marketing scheme to sell a condominium vacation package (timeshare) for thousands of dollars. Sundance also failed to provide plaintiff with the promised free vacation cruise used to lure her to attend the sales pitch. Sundance violated the Wisconsin Consumer Act, the Prize Notice Statute, the Wisconsin Timeshare Act (Chapter 707), the Wisconsin Administrative Code prohibiting referral selling and other consumer protection statutes. Plaintiff is entitled to cancellation and/or rescission of the contract, compensatory, statutory and punitive damages, plus declaratory and injunctive relief, as well as reasonable attorney's fees and costs incurred in prosecuting this lawsuit.

## PARTIES

1. Plaintiff Alicia Weiger is a former citizen of the State of Wisconsin residing at 4701 E. Mississippi Ave #205, Glendale, CO 80246. At all relevant times, including the time Ms. Weiger was solicited by Sundance through direct marketing and when she bought the vacation timeshare package at issue, she lived in Milwaukee County at 1108 N. Milwaukee, #357, Milwaukee, WI 53202.

2. At all relevant times, defendant Sundance Vacations N.A., Inc. ("Sundance") was a Pennsylvania corporation with a principal office located at 264 Highland Park Blvd., Wilkes-Barre, PA 18702.

3. At all relevant times, Sundance was a seller of condominium vacation packages in several states, including Wisconsin. Sundance regularly engaged in such business.

4. At all relevant times, Sundance was a seller of consumer credit relating to the condominium vacation packages sold to consumers in several states, including Wisconsin. Sundance regularly engaged in such business.

5. At all relevant times, Sundance's sales staff acted as agents on behalf of Sundance with respect to the parties' transactions described in this complaint.

## FACTUAL ALLEGATIONS

6. As part of its marketing efforts to sell vacation accommodation packages, Sundance offers travel-related premiums to potential customers willing to attend a sales

2

presentation. Those premiums vary, but have included the promise of a free vacation cruise to Mexico or the Bahamas.

7. Sometime in or about May, 2009, Sundance telephoned Ms. Weiger ("the telephone solicitation") and advised her that she had won a free 4 day/3 night vacation cruise to Mexico or the Bahamas.

8. Sundance advised Ms. Weiger that in order to receive her free vacation cruise, she had to come in person to collect her prize at a location in Brookfield.

9. In the telephone solicitation, Sundance failed to advise Ms. Weiger that it was offering or promoting the sale of consumer goods or services.

10. In the telephone solicitation, Sundance failed to advise Ms. Weiger of the nature of the consumer goods or services it was selling or promoting.

11. In the telephone solicitation, Sundance misrepresented that plaintiff would receive a free vacation cruise, and Sundance did not inform her that she would have to attend a lengthy sales presentation in order to even get the vacation voucher.

12. In the telephone solicitation, Sundance failed to disclose any costs or conditions necessary to receive or use the "free" vacation.

13. On or about June 2, 2009, Ms. Weiger went to Sundance's location in Brookfield, WI only to find that she had to attend a sales promotional presentation in order to receive her voucher for a vacation.

14. Prior to arriving on June 2, 2009, the plaintiff was not informed that she

3

would have to attend a sales presentation or the purpose of the presentation, nor was she told that she would be solicited for the sale of vacation or timeshare interests.

15. The plaintiff did not receive a free vacation as promised, either before or after the sales presentation.

16. After listening to the sales presentation, Sundance gave the plaintiff a certificate for a "Fly 2 Cruise - 3 Night Vacation" which was not in fact "free" but instead required her to pay several hundred dollars to use and contained numerous restrictions.

17. Plaintiff was not advised about any of the costs or restrictions before she attended the sales presentation at Sundance.

18. The premium promised to plaintiff by Sundance constituted a "prize" within the meaning of § 100.171(1)(a), Wis. Stats.

19. Sundance failed to provide plaintiff with a written prize notice under § 100.171, Wis. Stats.

20. Sundance requested and accepted payment from plaintiff without providing her a written prize notice in accordance with § 100.171(2) and (3), Wis. Stats.

21. Sundance failed to deliver plaintiff's promised prize of the free vacation cruise at any time.

22. Sundance failed to provide plaintiff at any time with any other prize in the form of cash, a money order or certified check.

23. Sundance failed to deliver plaintiff's promised prize of a free three-night

4

vacation cruise to the Bahamas or Mexico, but instead provided plaintiff only with the certificate described above, containing various costs and restrictions.

24. During the sales presentation on June 2, 2009, Sundance's representative made a sales presentation to plaintiff to buy a vacation package of 31 vacations.

25. The Sundance sales representative made a high-pressure individual sales pitch to solicit plaintiff to buy Sundance's product and/or services, offering to lower the down payment on price only if plaintiff would sign the contract that day.

26. During the June 2, 2009 sales presentation, Sundance's sales staff made the following representations among others, to plaintiff, about the product and/or services offered:

    A. That the price and terms and incentives were available only for the remainder of the day;

    B. That plaintiff would pay only a $99 booking fee for each vacation and that, with her purchase price, the total cost of the 31 vacations would be approximately $600 each;

    C. That plaintiff could travel all over to the vacation spots and bring her family and friends (but no mention was made that plaintiff would have to buy more rooms at a much higher cost if she actually did bring her friends and family with her on vacation);

    D. That the only extra fees which might arise were for any all-inclusive

5

resorts plaintiff might want to use;

E. That plaintiff could get incentives by referring other customers to Sundance, including $100 cash, vacations, and airfare;

F. That the vacation package purchase was an "investment"; and

G. That as an incentive to buy that day, Sundance would throw in two extra weeks vacation for free;

H. That it was very easy to use the vacation package and all that plaintiff had to do was request the vacations on-line or on the phone;

I. That plaintiff's family members also could use the vacation packages but that plaintiff could also bring friends with her on vacation; and

J. That even if plaintiff did not buy the vacation package, she would still get her free vacation cruise that had been promised to her to attend the sales presentation.

27. The representations of ¶ 26 were false, deceptive and misleading.

28. The representations of fact made by Sundance which are described above and elsewhere in this complaint were untrue, deceptive and misleading.

29. Sundance also told Ms. Weiger that if she referred friends or family members to attend the sales presentation, she would get $100 in cash or 1 inventory week for each person she referred and for 5 referrals, she would get 2 round-trip tickets to anywhere in the United States.

6

30. Sundance's referral program was made as an inducement to get Ms. Weiger to purchase the product, but Sundance did not in fact pay Ms. Weiger the promised compensation prior to the sale or at any time.

31. The representations described above and elsewhere in this complaint were material to plaintiff's decision to buy Sundance's product.

32. The representations described above and elsewhere in this complaint were made to induce the sale of their product to the plaintiff.

33. The plaintiff reasonably relied that the statements Sundance told her during the sales presentations described above and elsewhere in this complaint were true.

34. Based upon and in reliance of the representations made to her at the sales presentation, plaintiff bought the vacation package from Sundance on June 2, 2009 for a total sales price of $16,330.81 for 31 weeks of resort area condominium accommodations.

35. Plaintiff was presented with a number of documents to sign and initial at the sales presentation. She was not encouraged to read them, but was instead told where to sign and initial the documents.

36. On June 2, 2009, plaintiff paid Sundance $900 as a down payment via her credit card.

37. Plaintiff financed the $11,100.00 balance of the purchase through a retail installment contract, naming Sundance as creditor/seller, for a total sale price of $16,330.81.

7

38. The purchase at issue was made for personal, family, or household purposes.

39. When plaintiff later tried to use the vacation package she had bought, she was unable to do so as represented, because the properties were not available and/or she would have to spend hundreds of dollars for a vacation that was supposed to cost $99 to book (in addition to the thousands of dollars she had already paid for the package).

40. Plaintiff has not been able to use the vacation property associated with Sundance and its associated exchange network, Travel Advantage Network ("TAN"), despite her attempts to do so.

41. Plaintiff also discovered upon trying to book vacations that the salespeople misrepresented costs and failed to advise of certain costs at the time of purchase, making the salespersons' representations to her about the cost of the product false, deceptive and misleading.

42. After Ms. Weiger realized that she was unable to use the product as promised and that Sundance had misrepresented the cost of the product, she contacted Sundance thereafter and tried to cancel the purchase.

43. Sundance has failed and refused to honor plaintiff's cancellation request.

44. Plaintiff paid a $900 down payment on the contract on June 25, 2008, and made monthly payments of $183.70 plus another monthly fee of $29.92 from July 2009 through June 2012.

8

45. Despite paying more than $8,500.00 so far for the (illusory) vacation package at issue, Ms. Weiger has not been able to take even one vacation.

46. Sundance's failure to honor plaintiff's cancellation notice was a violation of the Wisconsin Timeshare Act.

47. Sundance knew of plaintiff's inability to receive benefits, goods and/or services that plaintiff properly anticipated based upon the representations made to her in the sales presentation.

48. The condominium vacation package is a "timeshare" within the meaning of Chapter 707 of the Wisconsin Consumer Act.

49. There was a gross disparity at the time of contracting between the price of the timeshare and plaintiff's ability to obtain the benefits, goods and/or services.

50. The terms of the Sundance contract required plaintiff to waive legal rights she is entitled to under Chapter 707, Wis. Stats. and the Wisconsin Consumer Act, including without limitation, cancellation rights.

51. The natural effect of the sales presentation made to plaintiff reasonably caused or aided plaintiff in misunderstanding the true nature of the contract.

52. On June 25, 2008, Sundance took or arranged for plaintiff to sign an instrument that provided for the payment by plaintiff of attorney fees.

53. The contract between the parties was a "consumer credit transaction" under § 421.301(1), Wis. Stats., and the Wisconsin Consumer Act applies to this transaction.

9

54. Sundance's contract had provisions for "default" contrary to and in violation of § 425.103, Wis. Stats.

55. Sundance's contract provided for charges for alleged default in violation of § 422.413, Wis. Stats.

56. The writing purporting to evidence the parties' agreement contained terms or provisions or practices prohibited by law, including the Wisconsin Timeshare Act and the Wisconsin Consumer Act.

57. Sundance has used contracts that violate Wisconsin law as part of a pattern and practice for several years, despite being put on notice that those contracts are illegal.

58. Sundance acted at all times intentionally, with a disregard of plaintiff's rights.

59. Plaintiff has suffered damages as a result of Sundance's acts and omissions, and is entitled to compensatory, statutory, and punitive damages, as well as costs and reasonable attorney's fees for prosecuting this action.

### Claim No. 1 - Violation of § 100.171 - Prize Notice Statute

60. Plaintiff realleges and incorporates by reference all of the allegations of the preceding paragraphs.

61. Sundance violated § 100.171, Wis. Stats., including without limitation: §§ 100.171(2), (3), (4) and (5) with respect to the promise of a free vacation cruise.

62. Upon information and belief, Sundance violated other provisions of

10

§ 100.171, Wis. Stats.

63. Plaintiff is entitled to the remedies and penalties of § 100.171(5), including compensatory and/or statutory damages for each violation, costs and reasonable attorney's fees.

### Claim No. 2 - Violation of § 100.20, Wis. Stats. and Wisconsin Administrative Code ATCP § 127, Direct Marketing

64. Plaintiff realleges and incorporates by reference all of the allegations of the preceding paragraphs.

65. Sundance violated ATCP §§ 127.04, 127.06, 127.08, 127.14.

66. Upon information and belief, Sundance violated other provisions of the Direct Marketing Code, ATCP § 127.

67. Pursuant to ATCP § 127 and § 100.20, Wis. Stats., plaintiff is entitled to double her pecuniary loss, plus costs and reasonable attorney's fees of the action.

### Claim No. 3 - Violation of Chapter 707, Wisconsin Timeshare Act

68. Plaintiff realleges and incorporates by reference all of the allegations of the preceding paragraphs.

69. Sundance solicited plaintiff and sold her an interest in a timeshare under Chapter 707, Wis. Stats.

70. Sundance breached its obligation of good faith in making and performing its contract with plaintiff, in violation of § 707.07, Wis. Stats.

11

71. Sundance gave plaintiff documents in which it stated that plaintiff had no right of cancellation, in violation of §§ 707.05 and 707.47, Wis. Stats.

72. Sundance attempted to vary or waive plaintiff's rights under Chapter 707 and Chapter 423, Wis. Stats, in violation of § 707.05, Wis. Stats.

73. Sundance's acts and omissions and contract were unconscionable under § 707.06, Wis. Stats.

74. Sundance failed to provide plaintiff with a contract meeting the minimum requirements of § 707.46, Wis. Stats.

75. Sundance failed to provide plaintiff with a timeshare disclosure statement, in violation of §§ 707.41, 707.42, 707.43, and 707.47, Wis. Stats.

76. Sundance engaged in various advertising and sales practices prohibited under the Wisconsin Timeshare Act, including without limitation:

> A. Making false or misleading statements, in violation of § 707.55, Wis. Stats.
>
> B. Making statements, assertions or representations that the terms of sale and incentives were only available to plaintiff for the remainder of the day on which they were made, in violation of § 707.55(2), Wis. Stats.
>
> C. Making representations of material fact which were inconsistent with or contradictory to the terms or provisions of the purchase contract or

12

materials provided with the purchase contract, in violation of § 707.55(6), Wis. Stats.

D. Failing to disclose that timeshares were offered for sale at the beginning of the initial contact with plaintiff, in violation of § 707.55(8), Wis. Stats.

E. Failing to include the required advertising disclosure, in boldface type, on a printed advertising material, including a gift, award, or prize, in violation of § 707.55(9), Wis. Stats.

F. Failing to comply with § 100.171, Wis. Stats., in violation of § 707.55(10), Wis. Stats.

G. Requesting plaintiff to enter into an agreement that requested that she certify the absence of a misrepresentation or other violation of § 707.55, in violation of § 707.55(11).

77. Sundance failed and refused to honor plaintiff's cancellation notice at any time.

78. Sundance has failed to refund plaintiff's payments as is required under the Wisconsin Timeshare Act and the Wisconsin Consumer Act.

79. Sundance has violated § 707.47, Wis. Stats.

80. Upon information and belief, Sundance violated other provisions of the Wisconsin Timeshare Act relating to plaintiff.

13

81. Plaintiff is entitled to the remedies and penalties of § 707.57, Wis. Stats., including without limitation, damages, injunctive and declaratory relief, cancellation, specific performance, and rescission, as well as costs and reasonable attorney's fees of the action.

### Claim No. 4 -Wisconsin Consumer Act Violations

82. Plaintiff reallege and incorporates by reference all of the allegations of the preceding paragraphs.

83. The purchase agreement between the parties was a "consumer credit transaction" under § 421.301(10) of the Wisconsin Consumer Act.

84. Sundance's contract contained an illegal attorney fee provision contrary to § 422.411, entitling plaintiff to an additional $1,000.00 as statutory damages, plus costs and reasonable attorney's fees, pursuant to §§ 422.411(1) and (3) and 425.304, Wis. Stats.

85. Sundance's contract had an illegal definition of "default," contrary to that provided by statute in § 425.103, Wis. Stats.

86. Sundance's contract contained an illegal provision for the collection of default charges, contrary to § 422.413, entitling plaintiff to an additional $1,000.00 as statutory damages, plus costs and reasonable attorney's fees, pursuant to §§ 422.413(1) and (3) and 425.304, Wis. Stats.

87. Upon information and belief, Sundance and/or its affiliates has furnished adverse credit information about plaintiff to credit reporting agencies.

14

88. Given that plaintiff properly canceled her contract with Sundance, any adverse credit information being reported about plaintiff relating to the transaction at issue is false.

89. Plaintiff is entitled to have the Court order Sundance to take steps to remove any adverse credit information, via a Universal Data Form sent by Sundance or its agents to any credit reporting agency to whom it has furnished negative credit information about plaintiff.

90. Upon information and belief, Sundance violated other provisions of the Wisconsin Consumer Act with respect to plaintiff.

91. Sundance has continued to try to collect payments from plaintiff after cancellation, knowing or with reason to know that plaintiff has canceled her contract and does not owe Sundance any money.

92. Sundance's continued collection from plaintiff constitutes a claim or attempt to enforce a right with reason to know that the right does not exist, in violation of § 427.104(1)(j), Wis. Stats.

93. Plaintiff is entitled for Sundance's debt collection violations of Chapter 427, the remedies of §§ 427.105 and 425.304, which provide for actual and statutory damages, including damages for emotional distress or mental anguish with or without accompanying physical injury.

94. The June 2, 2009 contract contained provisions for "default" which were in

15

violation of § 425.103, entitling plaintiff to the remedies and penalties of § 425.302, Wis. Stats.

95. The plaintiff's transaction with Sundance, as well as Sundance's conduct, and the result of the transactions were unconscionable, within the meaning of and under one or more provisions of § 425.107, Wis. Stats., entitling plaintiff to all of the remedies provided under this statute.

96. Sundance violated the prohibition on referral selling in the Wisconsin Consumer Act, § 422.416, Wis. Stats., entitling plaintiff to the remedies of §§ 425.305 and 425.308.

97. Plaintiff is entitled to all statutory remedies, as well as actual and punitive damages, plus costs and reasonable attorney's fees in prosecuting this action.

### Claim No. 5 - Intentional Misrepresentation, Deceit and/or Fraud

98. Plaintiff realleges and incorporates by reference all of the allegations of the preceding paragraphs.

99. Defendant's misrepresentations were made to induce plaintiff to enter into a contract with defendant, and plaintiff relied to her detriment upon those material and fraudulent misrepresentations.

100. The contract is voidable by reason of the above described material and fraudulent misrepresentations.

101. Defendant made the misrepresentations maliciously and in an intentional

16

disregard of plaintiff's rights.

102. Plaintiff is entitled to recover actual and punitive damages from defendant in an amount to be determined at trial.

### Claim No. 6 - Referral Selling

103. Plaintiff realleges and incorporates by reference all of the allegations of the preceding paragraphs.

104. Sundance engaged in illegal referral selling, contrary to ATCP chapter 121 and §§ 100.20, Wis. Stats.

105. Plaintiff is entitled to relief pursuant to § 100.20(5), Wis. Stats., including payment to her of double her pecuniary loss, plus payment of her reasonable attorney's fees and costs.

WHEREFORE, plaintiff prays that judgment be entered in her favor against defendant awarding her:

A.  Compensatory damages to be determined at trial;

B.  Statutory damages, including double damages where provided;

C.  Punitive damages pursuant to § 895.85, Stats., to be determined at trial;

D.  A declaration that defendant violated the above statutes and laws;

E.  A declaration that the contract is canceled, rescinded, void, and/or unenforceable against plaintiff, including collection of any and all maintenance fees or other fees or charges relating to the transaction;

17

F. Injunctive relief barring the collection of any monies purportedly owed under the contract and requiring defendant to correct any adverse credit information Sundance or its affiliates may have furnished regarding plaintiff's credit history, without deleting positive credit relating to the transaction;

G. Actual costs and actual reasonable attorney's fees;

H. Statutory pre-judgment interest; and

I. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff demands a trial by jury of twelve.**

Dated this 26th day of September, 2012.

Attorney for Plaintiff

_____
DeVonna Joy
SBN 1018939

Consumer Justice Law Center, LLC
S74 W17065 Janesville Rd.
PMB 256
Muskego, WI 53150
(Federal Express or UPS only please)
OR
Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Phone: 262- 662-3982
Fax: 262-682-4553 (by permission only; phone first)
E-mail: djlaw@wi.rr.com

18